

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HILGRAEVE INC.,

           Plaintiff,

                                 CIVIL CASE NO. 97-40370

v.

SYMANTEC CORPORATION,                 HONORABLE PAUL V. GADOLA
                                      U.S. DISTRICT JUDGE
                     Defendant.
_____/

## OPINION AND ORDER ADDRESSING MOTIONS IN LIMINE

    Before the Court are a multitude of motions <u>in limine</u> filed by both parties.  A hearing on all motions <u>in limine</u> currently is scheduled for August 6, 2003. Having reviewed the parties' written submissions, the Court concludes that a number of the motions may be resolved on the briefs without need of oral argument. <u>See</u> E.D. Mich. LR 7.1(e)(2).  Accordingly, the Court sets forth its decisions on those motions below.


I.    BACKGROUND

    This action involves allegations of infringement of U.S. Patent No. 5,319,776 (the "'776 patent").  The Court set forth the relevant background in this matter in a recent decision adjudicating several dispositive motions. <u>See</u> <u>Hilgraeve, Inc. v.</u>

4129

<u>Symantec Corp.</u>, — F. Supp. 2d —, No. 97-40370, 2003 WL 21686228 (E.D. Mich. July 9, 2003).  The trial of this case is scheduled to commence on August 11, 2003.  Now before the Court are the parties motions <u>in limine</u>.

## II.  LEGAL STANDARD

The Court "has authority under Federal Rules of Evidence 103, 104, 402 and 403 (as well as the Court's inherent authority to manage trials) to make rulings concerning preliminary questions as to the admissibility of evidence." <u>Donnelly Corp. v. Gentex Corp.</u>, 918 F. Supp. 1126, 1130 (W.D. Mich. 1996) (Enslen, J.) (citing <u>Luce v. United States</u>, 469 U.S. 38, 41 n. 4 (1984)).  Pretrial evidentiary rulings are matters within the Court's broad discretion.  <u>See id</u>.

## III. MOTIONS <u>IN LIMINE</u>

### A.  Plaintiff's motion <u>in limine</u> on Symantec's 35 U.S.C. § 103(a) defense

For the reasons stated in Plaintiff's opening and reply briefs, Plaintiff's motion <u>in limine</u> on Symantec's 35 U.S.C. § 103(a) defense is GRANTED.  Accordingly, Defendant may not offer at trial any evidence, testimony, or argument that the '776 patent is invalid under 35 U.S.C. § 103(a).

2

B.   Plaintiff's motion <u>in limine</u> on Symantec's 35 U.S.C. §
     112, ¶ 1 defense

For the reasons stated in Plaintiff's opening and reply briefs, Plaintiff's motion <u>in limine</u> on Symantec's 35 U.S.C. § 112, ¶ 1 defense is **GRANTED**. Accordingly, Defendant may not offer at trial any evidence, testimony, or argument that the '776 patent is invalid under 35 U.S.C. § 112, ¶ 1 for lack of a written description.

C.   Plaintiff's motion <u>in limine</u> to exclude the expert
     testimony of David Blumenthal

Defendant did not file a response to Plaintiff's motion <u>in limine</u> to exclude the expert testimony of David Blumenthal. Accordingly, for reasons stated in Plaintiff's brief, **IT IS HEREBY ORDERED** that Plaintiff's motion <u>in limine</u> to exclude the expert testimony of David Blumenthal is **GRANTED**. Accordingly, Defendant may not introduce or rely upon any testimony or other evidence from David Blumenthal at trial. Any testimony or other evidence already submitted by Symantec from David Blumenthal is hereby stricken from the record.

D.   Plaintiff's motion <u>in limine</u> for order precluding
     Symantec from comparing the accused product to (A) the
     preferred embodiment described in the specification, or
     (B) a commercialized embodiment, of the '776 patent

For the reasons stated in Plaintiff's opening and reply

3

briefs, **IT IS HEREBY ORDERED** that Plaintiff's motion <u>in limine</u> for order precluding Symantec from comparing the accused product to (A) the preferred embodiment described in the specification, or (B) a commercialized embodiment, of the '776 patent is **GRANTED**. Accordingly, Defendant is precluded from presenting evidence and argument in support of its non-infringement case by comparison of the accused products with either (A) the preferred embodiment described in the specification, or (B) a commercialized embodiment, of the '776 patent.

      **E.    Plaintiff's motion <u>in limine</u> to exclude references to Hilgraeve Associates, LLC, Monroe Bank & Trust, and related matters obtained during the summer 2002 discovery on "standing"**

Defendant did not file a response to Plaintiff's motion <u>in limine</u> to exclude references to Hilgraeve Associates, LLC, Monroe Bank & Trust, and related matters obtained during the summer 2002 discovery on "standing." Therefore, for the reasons stated in Plaintiff's brief, **IT IS HEREBY ORDERED** that Plaintiff's motion <u>in limine</u> to exclude references to Hilgraeve Associates, LLC, Monroe Bank & Trust, and related matters obtained during the summer 2002 discovery on "standing" is **GRANTED**. Accordingly, (1) Defendant may not offer any evidence, testimony, or argument regarding Hilgraeve Associates, LLC or Monroe Bank & Trust; (2) Defendant may not offer the following exhibits at trial: Exhibits B-H, V-AF, LU-LZ, MH-MN,

4

and MX; and (3) Defendant may not offer testimony from the following witnesses at trial: Robert D. Everett on behalf of Hilgraeve, Inc., Robert D. Everett on behalf of Hilgraeve Associates, LLC, Matthew H. Gray, Ronald J. Gruber, and Scott M. Laskey (Monroe Bank & Trust).

**F.    Plaintiff's motion _in limine_ to exclude the prosecution history of the '776 patent**

For the reasons stated in Plaintiff's opening and reply briefs, **IT IS HEREBY ORDERED** that Plaintiff's motion _in limine_ to exclude the prosecution history of the '776 patent is **GRANTED**. Accordingly, Defendant may not offer any evidence, testimony, or argument regarding the prosecution history of the '776 patent.

**G.    Plaintiff's motion _in limine_ for an order excluding Symantec's Animations**

Plaintiff objects to numerous video "animations" that Defendant allegedly plans to utilize at trial. Plaintiff asserts that, due to Defendant's untimely disclosure of its animations, Plaintiff was unable to make specific objections to each animation. Nonetheless, Plaintiff asserts several generalized objections to Defendant's animations. Plaintiff contends that Defendant's animations (1) compare the preferred embodiment of the '776 patent with the accused product; (2) illustrate the '776 patent in a manner inconsistent with the Federal Circuit's claim construction;

5

(3) improperly attack the validity of the '776 patent; and (4) improperly raise new issues, such as comparing the operation of the claimed invention to the "SARS" virus infecting a human.

With respect to Plaintiff's first and third category of objections, the Court has already ruled in connection with separate motions _in limine_ filed by Plaintiff (1) that Defendant is precluded from presenting evidence and argument in support of its non-infringement case by comparison of the accused products with either (A) the preferred embodiment described in the specification, or (B) a commercialized embodiment, of the '776 patent; and (2) that Defendant is precluded from contesting the validity of the '776 patent.  These rulings thus preclude Defendant from utilizing animations regarding these subjects.

The Court shall reserve its ruling on Plaintiff's second category of objections, which allege that Defendant's animations are inconsistent with the Federal Circuit's claim construction. Without a specific objection linked to a specific animation, the Court is unable to properly assess the admissibility of such animations at this time.  Moreover, the claim construction hearing yet to be conducted may resolve some of Plaintiff's objections.

Plaintiff's final category of objections, that Defendant's animations improperly raise new issues, focus on at least two of

6

Defendant's animations which apparently draw an analogy between the operation of the claimed invention and the manner in which the "SARS" virus infects a human.  The Court concludes that the SARS virus is irrelevant to the issues in this case.  See Fed. R. Evid. 402.  Moreover, to the extent that Defendant's analogy might have some relevance, the probative value of this analogy is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.  See Fed. R. Evid. 403.  Therefore, Defendant is precluded from using animations that draw an analogy between the issues in this case and the SARS virus. The Court notes that, although Plaintiff's motion seeks only the exclusion of Defendant's animations that raise the SARS analogy, the Court's decision on this issue will serve to exclude the use of the SARS analogy in any form, whether through animations, argument, or the introduction of evidence.  The Court shall reserve its ruling on any of Defendant's remaining animations that allegedly raise new or extraneous issues.

For the reasons set forth above, Plaintiff's motion in limine for an order excluding Symantec's animations is **GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE**.  Accordingly, Defendant is precluded from using at trial any video animations that **(1)** compare the preferred embodiment of the '776 patent with the accused

7

product; **(2)** attack the validity of the '776 patent; and **(3)** compare the operation of the claimed invention to the SARS virus infecting a human. Plaintiff may raise a specific objection at trial to any of Defendant's remaining animations. In this regard, both parties are advised to provide the Court and each other with adequate notice prior to the use of an animation at trial.

>    **H.    Plaintiff's motion _in limine_ to exclude certain settlement agreements and prior licenses from the "reasonable royalty" determination**

Plaintiff moves to exclude (1) the "McAfee Settlement Agreement," (2) the "Trend License," and (3) the "IBM License" on the basis that these agreements are not relevant to the reasonable royalty determination under 35 U.S.C. § 284. The issues have been narrowed since Plaintiff filed its motion. First, Plaintiff has withdrawn its objection to the admissibility of the IBM License. See Pl. Reply at 1. n.1. Further, Defendant does not dispute that the McAfee Settlement Agreement, which of course represents a royalty agreement reached in settlement of litigation, is not admissible in the determination of a reasonable royalty. See Wang Labs., Inc. v. Mitsubishi Elecs. Am., Inc., 860 F. Supp. 1448, 1452 (C.D. Cal. 1993) ("It is a century-old rule that royalties paid to avoid litigation are not a reliable indicator of the value of a patent, and should therefore be disregarded when determining

8

reasonable royalty rates. This is because royalties paid under threat of suit may reflect the licensee's desire to avoid the risk and expense of litigation.") (citing <u>Rude v. Westcott</u>, 130 U.S. 152, 164 (1889)).[1]

Moreover, for reasons stated in Plaintiff's opening and reply briefs, the Court agrees that the Trend License was entered into under threat of litigation. Therefore, evidence of the Trend License is more prejudicial than probative under Rule 403 of the Federal Rules of Evidence and may not be introduced in relation to the reasonable royalty determination. Accordingly,

IT IS HEREBY ORDERED that Plaintiff's motion in limine to exclude certain settlement agreements and prior licenses from the "reasonable royalty" determination is **GRANTED IN PART AND DENIED IN PART AS MOOT.** Defendant is precluded from offering any evidence regarding the McAfee Settlement Agreement or the Trend License. Defendant is not precluded from offering evidence of the IBM license pursuant to Plaintiff's decision to withdraw that aspect of its motion.

---

[1] Although Defendant cites Rule 408 of the Federal Rules of Evidence as the basis for its concession, it appears that the proper basis of exclusion is Rule 403. See <u>Donnelly Corp. v. Gentex Corp.</u>, 918 F. Supp. 1126, 1133 (W.D. Mich. 1996) (Enslen, J.) ("[I]t is obvious that [Rule 408] itself does not preclude evidence of these compromises in this case because the offers to compromise the claims do not concern the claim being litigated in this case.").

I.    Plaintiff's motion <u>in limine</u> to exclude the testimony of
      Symantec's expert, Stephen Melvin

Plaintiff moves to exclude the following testimony from
Defendant's technical expert, Dr. Steven Melvin: (1) testimony on
Dr. Melvin's "four tests"; (2) testimony on "prior art" and patent
invalidity; (3) testimony on claim construction; (4) testimony on
the construction of the term "storage."

      1.    The "Four Tests"

In this Court's July 9, 2003 Memorandum Opinion and Order
denying Plaintiff's motion for summary judgment of infringement,
the Court commented upon the Federal Circuit's assessment of Dr.
Melvin's four tests:

> Plaintiff focuses its attention on the Federal Circuit's
> criticism of four tests conducted by Dr. Melvin "to prove
> that a file becomes accessible to the operating system or
> other programs before it is scanned for viruses by the
> NAV Scan Engine." <u>Symantec II</u>, 265 F.3d at 1343. Because
> Dr. Melvin's four tests did not test the accused products
> under normal operating conditions, the court found his
> tests inconclusive on the question of infringement. <u>See
> id</u>. at 1343-44. <u>Specifically, the court found Dr.
> Melvin's first and second tests "not probative of
> infringement during normal operation of the accused
> products."</u> Id. at 1343. <u>The court found Dr. Melvin's
> third test similarly deficient, noting, "as with the
> first two tests, whether or not the accused products
> infringe when operated in conjunction with another anti-
> virus product--perhaps an unusually redundant mode of
> operation--does not answer the question whether they
> infringe while operating alone." Id. at 1344. Finally,
> the court found that, while "[the fourth] test may prove
> that the functionality of the accused products can be</u>

10

> defeated to avoid infringement[, this test] does not
> prove non- infringement of the products under normal
> operating conditions." Id. Despite this criticism of Dr.
> Melvin's four tests, the Federal Circuit did not hold
> that Melvin's opinion as a whole was inadmissible on
> remand. Moreover, Plaintiff has not challenged the
> admissibility of Dr. Melvin's expert opinion since the remand.
> Therefore, on Plaintiff's motion for summary judgment of
> infringement, this Court is faced with essentially the
> same evidence that the Federal Circuit found inconclusive
> in Symantec II. (See, e.g., Pl. Ex. 3, Rep. of Dr. John
> G. Geske, June 30, 1999; Behun Decl., Ex. 1, Rep. of Dr.
> Stephen W. Melvin, June 30, 1999.) As Defendant correctly
> notes, the battle of the experts continues, and for this
> reason, summary judgment of infringement is
> inappropriate.

Hilgraeve, Inc. v. Symantec Corp., No. 97-40370, 2003 WL 21686228,

at *13 (E.D. Mich. July 9, 2003) (Gadola, J.).

Defendant's continued reliance upon Dr. Melvin's four tests is

puzzling in light of the Federal Circuit's characterization of

those tests as essentially irrelevant to the infringement analysis.

Although Defendant seizes upon this Court's statement regarding the

"battle of the experts," this statement was premised upon the

Court's finding that "the Federal Circuit did not hold that

Melvin's opinion as a whole was inadmissible on remand." Id.

Indeed, in its response to Plaintiff's motion for summary judgment

of infringement, Defendant asserted that "Dr. Melvin's expert

report is based on more than the four tests at issue before the

Federal Circuit." Def. Br. at 8. Defendant also asserted that

"Dr. Melvin's opinions are supported not only by his training and

experience, but also by his examination of the product's source code, manuals and literature.  His opinions are <u>also</u> supported by several tests that he performed to establish how the products operate, <u>including</u> the four tests at issue in <u>Symantec II</u>."  Def. Br. at 5 (citation omitted) (emphasis added).  Thus, although the "battle of the experts" continues, Dr. Melvin has been disarmed of the four tests that the Federal Circuit found irrelevant to the infringement analysis.

### 2.   Testimony on "Prior Art" and Patent Invalidity

The Court has ruled in connection with Plaintiff's other motions <u>in limine</u> that there are no issues pertaining to validity remaining in this case.  Therefore, Dr. Melvin may not testify as to alleged prior art or the validity of the '776 patent.

### 3.   Testimony on Claim Construction

Defendant concedes that testimony on claim construction may not be presented to the jury and that Dr. Melvin will not provide such testimony at trial.  <u>See</u> Def. Resp. Br. at 5.

### 4.   Testimony on the Construction of the Term "Storage"

Plaintiff seeks to preclude Dr. Melvin from testifying as to (1) his own definition of the term "storage," which was ultimately rejected by the Federal Circuit in <u>Symantec II</u>; and (2) the definition of storage adopted by the Federal Circuit.  Defendant

12

concedes that Dr. Melvin may not testify as to his initial construction of the term storage, which was ultimately rejected by the Federal Circuit. <u>See</u> Def. Resp. Br. at 5. However, Defendant argues that Dr. Melvin has offered an opinion as to the issue of infringement under the Federal Circuit's construction of storage. At this point, Plaintiff has not established grounds for precluding Dr. Melvin from offering testimony under the accepted definition of storage. Of course, if it appears at trial that Dr. Melvin is not properly applying the accepted definition of storage, Plaintiff may cross-examine him on this point or raise an objection at that time.

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's motion <u>in limine</u> to exclude the testimony of Symantec's expert, Stephen Melvin is **GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE**. Dr. Stephen Melvin is precluded from testifying at trial with respect to: (1) Dr. Melvin's "four tests" described in <u>Symantec II</u>; (2) the "prior art" and the validity of the '776 patent; (3) issues of claim construction; and (4) the issue of infringement applying a construction of the term "storage" other than that adopted by the Federal Circuit in <u>Symantec II</u>.

    **J.**    **Defendant's motion <u>in limine</u> No. I to exclude video testimony of John Hile (PTX13-13A) and similar testimony regarding user perspective**

For the reasons stated in Plaintiff's response brief,

13

Defendant's motion in limine No. I to exclude video testimony of John Hile (PTX13-13A) and similar testimony regarding user perspective is **DENIED**.  The Court notes, however, that Plaintiff has established that the John Hile video, CD, and his testimony are admissible for only two purposes: (1) to establish how the accused products operate; and (2) to prove that Defendant induced others to infringe the '776 patent.  Plaintiff has neither asserted nor established that the Hile evidence is admissible to prove direct infringement.

> **K.   Defendant's motion in limine No. II to exclude Symantec's marketing materials to prove alleged infringement**

For the reasons stated in Plaintiff's response brief, Defendant's motion in limine No. II to exclude Symantec's marketing materials to prove alleged infringement is **DENIED**.  The Court notes, however, that Plaintiff has established that Defendant's marketing materials are admissible for only two purposes: (1) to prove that Defendant induced others to infringe the '776 patent; and (2) to prove damages.  Plaintiff has neither asserted nor established that the Hile evidence is admissible to prove direct infringement. Defendant requests a jury instruction on the limited relevance of these materials.  Consistent with the Court's policies and procedures on jury instructions, the Court will consider such an instruction if Defendant submits such a proposed instruction at

the appropriate time.

> **L.   Defendant's motion <u>in limine</u> No. III to exclude evidence of alleged secondary considerations**

The parties agree that, if Defendant is precluded from presenting the defense of "obviousness" at trial under 35 U.S.C. § 103(a), evidence of alleged "secondary considerations" is not relevant to the liability determination. As noted above, the Court has precluded Symantec from raising the defense of obviousness under 35 U.S.C. § 103(a). Nevertheless, Plaintiff asserts that secondary considerations such as evidence of "commercial success" and "long felt need" are also relevant to damages. For the reasons stated in Plaintiff's response brief, the Court agrees. Therefore, Defendant's motion <u>in limine</u> No. III to exclude evidence of alleged secondary considerations is **GRANTED IN PART AND DENIED IN PART.** Plaintiff is precluded from offering evidence of "secondary considerations" with respect to the liability issues at trial. Plaintiff may offer evidence of secondary considerations with respect to damages.

> **M.   Defendant's motion <u>in limine</u> No. IV to exclude evidence that the '776 patent is allegedly a pioneering patent**

The parties appear to agree that a "pioneering patent" is essentially a term of art relevant only to the doctrine of equivalents analysis. <u>See Sun Studs, Inc. v. ATA Equip. Leasing,</u>

Inc., 872 F.2d 978, 987 (Fed. Cir. 1989) ("The concept of the 'pioneer' arises from an ancient jurisprudence, reflecting judicial appreciation that a broad breakthrough invention merits a broader scope of equivalents than does a narrow improvement in a crowded technology."). Of course, infringement under the doctrine of equivalents will not be an issue at trial. However, Plaintiff contends that "the importance of the invention of the '776 patent in redefining the anti-virus industry is relevant (1) to provide background on Hilgraeve and the invention of the '776 patent and (2) to the issue of damages." Pl. Resp. at 1. Specifically, Plaintiff argues that evidence tending to show that the '776 patent redefined the industry is relevant to several of the factors outlined in Georgia-Pacific v. United States Plywood Corp., 318 F. Supp. 116 (S.D.N.Y. 1970).

Defendant generally appears to agree, stating that it "has not moved to exclude any evidence related to the Georgia-Pacific factors." Def. Reply at 1. However, "[w]hat Symantec does seek to exclude is the characterization of any such evidence as pioneering or revolutionary (or any synonymous descriptive language)." Id. Thus, this issue essentially boils down to the "characterization" of the evidence that the '776 patent allegedly redefined the industry. Because the terms "pioneer status" or "pioneering

16

patent" are akin to terms of art relevant to the doctrine of equivalents analysis, the Court shall preclude Plaintiff from characterizing the '776 patent as such at trial. Plaintiff's evidence that the '776 patent redefined the industry, insofar as it is relevant to the <u>Georgia-Pacific</u> factors and to the general background in this case, is otherwise admissible.

For the reasons set forth above, Defendant's motion <u>in limine</u> No. IV to exclude evidence that the '776 patent is allegedly a pioneering patent is **GRANTED IN PART AND DENIED IN PART.** Accordingly, Plaintiff may not characterize the '776 patent as a "pioneering patent" or as having achieved "pioneer status" or make any other reference to the '776 patent as "pioneering."

### N.   Defendant's motion <u>in limine</u> No. V to exclude certain testimony of John Geske

Defendant seeks to preclude Plaintiff's technical expert Dr. John Geske from offering testimony related to (1) claim construction; (2) asserted "insubstantial differences" between claim 1 of the '776 patent and the accused products; and (3) any of Defendant's products for which source code has not been reviewed and that Dr. Geske has not otherwise mentioned in his written reports. Plaintiff does not dispute the issues raised in this motion. <u>See</u> Pl. Resp. at 1. Accordingly, for the reasons stated in Defendant's brief and Plaintiff's response thereto, **IT IS HEREBY**

17

ORDERED that Defendant's motion in limine No. V to exclude certain testimony of John Geske is GRANTED. Dr. Geske may not testify at trial with respect to: (1) claim construction; (2) asserted "insubstantial differences" between claim 1 of the '776 patent and the accused products; and (3) any of Defendant's products for which source code has not been reviewed and that Dr. Geske has not otherwise mentioned in his written reports.

      O.    Defendant's motion in limine No. VI to exclude at trial any evidence and testimony of Bruce Correll relating to the Symantec-SalesLogix License

For the reasons set forth in Defendant's opening and reply briefs, Defendant's motion in limine No. VI to exclude at trial any evidence and testimony of Bruce Correll relating to the Symantec-SalesLogix License is GRANTED. Accordingly, Plaintiff is precluded from offering at trial any testimony, documentary, or demonstrative evidence of the SalesLogix license.

      P.    Defendant's motion in limine to preclude Hilgraeve's reliance at trial upon Symantec's PCAnywhere product in presenting its case on alleged infringement and/or damages

For the reasons set forth in Defendant's opening and reply briefs, IT IS HEREBY ORDERED that Defendant's motion in limine to preclude Hilgraeve's reliance at trial upon Symantec's PCAnywhere product in presenting its case on alleged infringement and/or

damages is **GRANTED**.   Accordingly, Plaintiff is precluded from offering at trial documentary evidence or testimony in connection with Defendant's PCAnywhere product.

IV.  **CONCLUSION**

For the convenience of the Court and the parties, the Court restates the rulings set forth above, including with each motion the corresponding docket entry:

A.   Plaintiff's motion in limine on Symantec's 35 U.S.C. § 103(a) defense [docket entry 370] is **GRANTED**.

B.   Plaintiff's motion in limine on Symantec's 35 U.S.C. § 112, ¶ 1 defense [docket entry 381] is **GRANTED**.

C.   Plaintiff's motion in limine to exclude the expert testimony of David Blumenthal [docket entry 373] is **GRANTED**.

D.   Plaintiff's motion in limine for order precluding Symantec from comparing the accused product to (A) the preferred embodiment described in the specification, or (B) a commercialized embodiment, of the '776 patent [docket entry 377] is **GRANTED**.

E.   Plaintiff's motion in limine to exclude references to Hilgraeve Associates, LLC, Monroe Bank & Trust, and

related matters obtained during the summer 2002 discovery on "standing" [docket entry 374] is GRANTED.

F.   Plaintiff's motion *in limine* to exclude the prosecution history of the '776 patent [docket entry 375] is GRANTED.

G.   Plaintiff's motion *in limine* for an order excluding Symantec's animations [docket entry 378] is GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE.

H.   Plaintiff's motion *in limine* to exclude certain settlement agreements and prior licenses from the "reasonable royalty" determination [docket entry 372] is GRANTED IN PART AND DENIED IN PART AS MOOT.

I.   Plaintiff's motion *in limine* to exclude the testimony of Symantec's expert, Stephen Melvin [docket entry 371] is GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE.

J.   Defendant's motion *in limine* No. I to exclude video testimony of John Hile (PTX13-13A) and similar testimony regarding user perspective [docket entry 360] is DENIED.

K.   Defendant's motion *in limine* No. II to exclude Symantec's marketing materials to prove alleged infringement [docket entry 361] is DENIED.

L.   Defendant's motion *in limine* No. III to exclude evidence of alleged secondary considerations [docket entry 359] is

GRANTED IN PART AND DENIED IN PART.

M.   Defendant's motion in limine No. IV to exclude evidence that the '776 patent is allegedly a pioneering patent [docket entry 357] is GRANTED IN PART AND DENIED IN PART.

N.   Defendant's motion in limine No. V to exclude certain testimony of John Geske [docket entry 363] is GRANTED.

O.   Defendant's motion in limine No. VI to exclude at trial any evidence and testimony of Bruce Correll relating to the Symantec-SalesLogix License [docket entry 364] is GRANTED.

P.   Defendant's motion in limine to preclude Hilgraeve's reliance at trial upon Symantec's PCAnywhere product in presenting its case on alleged infringement and/or damages [docket entry 380] is GRANTED.

SO ORDERED.

Dated:   8/5/03

HONORABLE PAUL V. GADOLA
UNITED STATES DISTRICT JUDGE

21