

U.S. DISTRICT COURT
EAST. DIST. MICHIGAN
SOUTHERN DIV.-FLINT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HILGRAEVE CORPORATION,

        Plaintiff,

                      CIVIL CASE NO. 97-40370

v.

SYMANTEC CORPORATION,        HONORABLE PAUL V. GADOLA
                                     U.S. DISTRICT JUDGE

        Defendant.
_____/

## OPINION AND ORDER DENYING MOTION TO BIFURCATE TRIAL

Before the Court is Defendant's renewed motion to bifurcate trial pursuant to Rule 42 of the Federal Rules of Civil Procedure. The Court concludes that a hearing would not aid significantly in the disposition of this motion. See E.D. Mich. LR 7.1(e)(2). For reasons set forth below, the Court shall deny Defendant's motion.

I.    BACKGROUND

This action involves allegations of infringement of U.S. Patent No. 5,319,776 (the "'776 patent"). The Court set forth the relevant background in this matter in a recent decision adjudicating several dispositive motions. See Hilgraeve, Inc. v. Symantec Corp., — F. Supp. 2d —, No. 97-40370, 2003 WL 21686228 (E.D. Mich. July 9, 2003). The trial of this case is scheduled to

commence on August 11, 2003. In its present motion, Defendant requests that the Court bifurcate the trial, before the same jury, between (1) patent liability and (2) damages and willful infringement.[1]

## II. LEGAL STANDARD

Rule 42 of the Federal Rules of Civil Procedure provides, in pertinent part:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third- party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Fed. R. Civ. P. 42(b).

The principle purpose of Rule 42(b) "is to enable the trial judge to dispose of a case in a way that both advances judicial

---

[1] The present motion is not Defendant's first motion to bifurcate this case. On June 22, 1998, the Court denied Defendant's motion to trifurcate the trial. See Hilgraeve Corp. v. Symantec Corp., No. 97-40370, slip op. at 8-9 (E.D. Mich. June 22, 1998) (order denying Defendant's motion to trifurcate). In its previous motion, Defendant sought to trifurcate the trial between its license defense, infringement liability, and damages. The Court denied Defendant's motion to trifurcate with prejudice, and the Court notes that Defendant's license defense is no longer a part of his case. The Court did not consider Defendant's additional request to bifurcate liability and damages and thus denied this aspect of Defendant's motion without prejudice.

2

efficiency and is fair to the parties." In re Bendectin Litigation, 857 F.2d 290, 307 (6th Cir. 1988), cert. denied, 488 U.S. 1006, 102 L. Ed. 2d 779, 109 S. Ct. 788 (1989); see also Organic Chemicals, Inc. v. Carroll Products, Inc., 86 F.R.D. 468, 469 (W.D. Mich. 1980). In ruling on such a motion, the court is to consider the potential prejudice to the parties, possible confusion to the jury and the relative convenience and economy which could result from a separate trial. In re Beverly Hills Fire Litigation, 695 F.2d 207, 216 (1982), cert. denied, 461 U.S. 929 (1983); see also In re Crash Disaster at Detroit Metro Airport, 737 F. Supp. 391, 395 (E.D. Mich. 1989). The decision of whether to bifurcate trial is within the sound discretion of the trial court. Id.

## III. ANALYSIS

Defendant argues that bifurcation will serve the interest of convenience and judicial economy, will reduce the possibility of confusing the jury, and will reduce the possibility of prejudice to Defendant. On the other hand, Plaintiff contends that this case is "relatively straightforward" as patent cases go, that Defendant will not be prejudiced by a single trial, and that issues of willfulness and liability are closely interwoven. Plaintiff also suggests that, if the Court decides to bifurcate the trial,

willfulness should be tried with liability.

As Defendant notes, there are patent cases in which courts have concluded that the interests of efficiency, convenience, and avoidance of jury confusion warrant separate trials on the issues of liability and damages. See, e.g., Acme Resin Corp. v. Ashland Oil, Inc., 689 F. Supp. 751, 753 (S.D. Ohio 1987). However, it remains true that "[a] single trial generally tends to lessen the delay, expense, and inconvenience to all concerned." THK America, Inc. v. NSK Co., 151 F.R.D. 625, 631 (N.D. Ill. 1993) (citing 5 Moore's Federal Practice § 42.03[1] at 42-37 to 42-38 (2d ed. 1982). "Accordingly, in 'patent cases, as in others, separate trials should be the exception, not the rule.'" Id. (quoting Moore's Federal Practice § 42.03[1] at 42-37 to 42-38; accord Real v. Bunn-O-Matic Corp., 195 F.R.D. 618, 620 (N.D. Ill. 2000). "In order for a court to grant bifurcation, the party seeking bifurcation has the burden of demonstrating that judicial economy would be served and that no party would be prejudiced by separate trials, based on the circumstances of the individual case." Real, 195 F.R.D. at 620.

In the present case, the Court concludes that Defendant has not demonstrated that bifurcation is warranted under the above standard. Rather, the Court tends to agree with Plaintiff's

assessment that this case is relatively straightforward. Plaintiff is asserting only claim 1 of the '776 patent at trial. See Joint Final Pretrial Order at ¶ 2. Further, the only remaining issues are infringement, both direct and induced, willfulness, and damages. Plaintiff estimates that it will present its direct case in less than ten hours through the testimony of four live witnesses and limited deposition testimony from Defendant. Finally, although this case involves eleven accused products, Plaintiff contends that "all of the accused products contain a common Auto-Protect/real-time scanning feature which greatly simplifies infringement proofs." (Pl. Opp. Br. at 1.)

On the issue of damages, Plaintiff will offer the testimony of two witnesses. One of those witnesses, Matt Gray, will also testify as to liability and willfulness. On damages Defendant will offer the testimony of its damages expert, Stephen A. Degnan, and "at least one percipient witness who can testify about Symantec's licensing practices." (See Fliesler Decl., ¶¶ 5-6.) Defendant states that its two damages witnesses have no role in its liability case. (See id. at ¶ 7.) Aside from reciting the usual factors to be considered in calculating damages, however, Defendant has offered no evidence that the damages stage of the trial will be overly complex. See Real, 195 F.R.D. at 622 (finding no extenuating

5

circumstances warranting bifurcation where "Defendant has provided no assertion that the damages portion would necessitate the review of 'millions of documents' or 'voluminous' amounts of evidence."). This Court agrees with an assessment made by the District Court in Real:

> Any potential confusion can be remedied by good lawyering, cautionary warnings, limiting instructions, or special verdict forms. Indeed, it is the experience of this Court, as well as others, that jurors bring a collective wisdom, common sense and experience as well as intelligence and dedication to their task. They are consistently asked to return verdicts in criminal cases with facts far more complex and with stakes much higher than the one at hand. The potential prejudice from jury confusion is simply not applicable to this case.

Id. at 624-25 (citation omitted).

Finally, the Court disagrees with Defendant's contention that the issue of liability is completely "severable" from the issues of damages and willfulness, or that trying these issues together will result in undue prejudice to Defendant. In a fairly recent decision from the Southern District of Indiana in Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc., No. IP96-1718-C-H/G, 2001 WL 699856 (S.D. Ind. May 31, 2001), the court explained:

> Although it "is inevitable in every case where wilfulness is an issue that there will be some risk of prejudice to a party on the issue of liability when those issues are tried together[,] ... the routine risk of prejudice in such cases does not compel bifurcation." [Dentsply Int'l Inc. v. Kaydex, No. 93 C 20099, 1994 WL 376276, at *2 (N.D. Ill. July 11, 1994)]. Potential prejudice to

6

> defendants on the willfulness issue can be cured by giving the jury proper limiting instructions and by other techniques.
>
> * * *
>
> Bifurcating the trial between the liability and damages/willfulness issues in this case is at least as likely to cause additional confusion, delay, and expense as it is to avoid them. First, as plaintiffs point out, the evidence relevant to liability and willfulness issues is not wholly distinct. For instance, evidence on whether defendants acted willfully might well be relevant to both liability and damages. See Kimberly-Clark Corp. v. James River Corp., 131 F.R.D. 607, 609 (N.D. Ga. 1989) (willfulness issue is "inextricably bound to the facts underlying the alleged infringement"), cited in THK America, 151 F.R.D. at 629.
>
> * * *
>
> The Federal Circuit teaches that willfulness is determined from "the totality of the circumstances." Braun Inc. v. Dynamics Corp. of America, 975 F.2d 815, 822 (Fed. Cir. 1992). That standard does not fit comfortably with bifurcation. Trying infringement and willfulness separately could result in a significant waste of time, inconvenience, and unnecessary expense as evidence is repeated.

Id. at *2-3.

On balance, the Court concludes that bifurcation is not warranted in this case. Conducting two trials would not be the most efficient use of either the Court's or the parties' resources in light of the relatively straightforward nature of this case. For the same reason, two trials are unnecessary to prevent jury confusion. Finally, the Court finds that any potential prejudice

7

that Defendant might incur in a single trial is no greater than what a typical defendant might encounter in most any other type of civil trial in which liability and damages are tried together. In light of the other considerations mentioned above, none of which favor bifurcation, this prejudice alone does not warrant separate trials on liability and damages. This case is simply not so exceptional as to warrant bifurcation.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's renewed motion to bifurcate trial pursuant to Rule 42 of the Federal Rules of Civil Procedure [docket entry 343] is **DENIED**.

SO ORDERED.

Dated: 8/5/03

HONORABLE PAUL V. GADOLA
UNITED STATES DISTRICT JUDGE

8